UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD LEE CARMICHAEL,

    Plaintiff,

v.

WILLIAM RILEY, *et al.*

    Defendants.

Case No. 06-5542 RJB/KLS

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND FOR ALTERNATIVE RELIEF

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court is Plaintiff's motion for appointment of counsel and requests for alternative relief. (Dkt. # 17). Alternatively, Plaintiff requests various alternative relief. (Id.). Having reviewed the motion and alternative relief requested, the Court finds that Plaintiff's motion should be denied.

## I. DISCUSSION

**A.** **Plaintiff's Request for Counsel**

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires

ORDER - 1

an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under Section 1915(d). Id.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* and has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff is articulate and brings his claims in a very clear and organized manner. While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. The Court is not unmindful of Plaintiff's unique situation in being housed out-of-state and of his claims of past difficulties in obtaining access to Washington state resources relating to Plaintiff's previous attempts to file collateral attacks on his conviction. While Plaintiff's claim that lack of access to those materials prevented him from following through on his post-conviction relief may constitute a viable § 1983 claim, that is not the case he has filed in this Court. In this § 1983 case, Plaintiff makes allegations of events occurring since his incarceration, which he claims violate his Fifth, Eighth and Fourteenth Amendment rights, and which are based on information Plaintiff believes Defendant Riley told to other prison inmates and prison officers.

In addition, while Plaintiff states that there is a likelihood of success on the merits, he has not provided any further information to support his contention other than to reiterate the claims made in his complaint and to identify an alleged material issue of fact in Defendants' answer. This is not sufficient to carry the burden under this prong. *See, e.g.*, Wilborn, 789 F.2d at 1331. Accordingly, the Court finds that counsel is not necessary in this case.

**B.    Plaintiff's Request for Alternative Relief**

Plaintiff asks that the Court order various alternative relief in the event Plaintiff's motion for counsel is denied. (Dkt. # 17 at p. 6). Plaintiff asks that the Court direct the Department of Corrections to return him to the state of Washington; that he be allowed access to "debriefing" information; that he be allowed to take depositions of defendants and various other individuals; that

ORDER - 2

he be provided access to Washington state legal materials. (Id.). Defendants argue that Plaintiff has not provided any factual or legal support for his requests and that absent any such showing, his requests should be denied. In addition, Defendants object as several of Plaintiff's requests are in the nature of requests for injunctive relief and involve discovery requests.

The Court will deny Plaintiffs' requests for alternative relief on the grounds that these issues are not properly before the Court at this time. To the extent Plaintiff wishes to take depositions and discover information relevant to his claims in this case, Plaintiff's requests may be completed through the discovery process. Plaintiff is directed to Rules 26 through 37 of the Federal Rules of Civil Procedure, and this Court's PreTrial Scheduling Order (Dkt. # 16). To the extent Plaintiff seeks injunctive relief, such motion must be filed and served according to the Court's rules governing dispositive motions. (*See* Dkt. # 16 at p. 2). Finally, to the extent Plaintiff seeks unmonitored legal mail from co-prisoners, Plaintiff is directed to the Court's earlier Order addressing this issue. (Dkt. # 19).

Accordingly, Plaintiff's motion to appoint counsel and for alternative relief (Dkt. # 17) is **DENIED**.

The Clerk is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 2nd day of February, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3