UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD LEE CARMICHAEL,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM RILEY, *et al.*,<br><br>    Defendants. | Case No. 06-5542 RJB/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO TAKE OUT OF STATE DISCOVERY AND GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY |

Before the Court is Plaintiff's motion to take out of state depositions. (Dkt # 30). Defendants have filed a response in opposition (Dkt. # 32) and request the Court stay all discovery pending its ruling on Defendants' motion to dismiss which addresses several issues, including the issues of sovereign and qualified immunity. (*See* Dkt. # 29). Having reviewed the parties' papers, including Plaintiff's reply (Dkt. # 38), and the balance of the record, the Court finds that Plaintiff's motion to take out of state depositions should be denied and this matter should be stayed pending resolution of the issues of immunity.

ORDER - 1

**DISCUSSION**

Plaintiff is a Washington state inmate, currently residing at the Ely State Prison in Nevada under an interstate compact. (Dkt. # 7). Plaintiff claims that his Fifth, Eighth and Fourteenth Amendment rights were violated when Defendant Riley told other inmates that Plaintiff was "a snitch and in P.C." (*Id*.). Plaintiff seeks declaratory and compensatory and punitive damages, and asks that the Court lodge felony charges against Defendant Riley, terminate Defendant Riley's employment with the Department of Corrections, transfer Plaintiff to another institution and order Defendant Riley to stop discussing the Plaintiff with other individuals. (*Id*.)

Defendants contend, *inter alia,* that the DOC is entitled to Eleventh Amendment sovereign immunity and the remaining Defendants are entitled to qualified immunity. (Dkt. # 29).

**A.    Plaintiff's Motion for Out of State Depositions**

Plaintiff seeks to depose two non-party Ely State prison guards, "who were investigators during the period in question who were present when investigators Clark and Thompson recieved [sic] phone calls from Defendant Riley." (Dkt. # 30). Plaintiff states that these individuals have informed him that after these phone calls, Clark or Thompson would tell them that Defendant "Riley had just informed them that Plaintiff was an informant (Snitch) in Washington State, or was in P.C. in Washington State." (*Id*.). Plaintiff contends that these officers cannot come forward on their own or provide affidavits or be compelled to trial in Washington state. (*Id*.)

In response, Defendants state that Plaintiff has provided no explanation why these friendly witnesses cannot provide their testimony through declarations and that in any event, the motion should be denied pending disposition of their motion to dismiss. (Dkt. # 32).

A party may obtain discovery of relevant information. Fed. R. Civ. P. 26(b)(1). Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, the Court may deny discovery of relevant

ORDER - 2

information if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). In determining the likely benefit the Court may consider "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id.*

Having carefully reviewed Plaintiff's request, the Court concludes that the request to take the depositions shall be denied at this time. In light of Defendants' motion to dismiss, any such discovery shall be stayed pending the Court's consideration and final ruling on that motion as discussed below.

**B.    Defendants' Motion to Stay Pending Ruling on Qualified/Absolute Immunity (Dkt.#32)**

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). When government officials raise the issue of qualified immunity discovery should not proceed until this threshold issues is resolved by the court. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Anderson v. Creighton*, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), *DiMartini v. Ferrin, supra*, 889 F.2d at 926.

The *Harlow* qualified immunity standard, is meant to protect public officials from the "broad-ranging discovery" that can be "peculiarly disruptive of effective government." 457 U.S., at 817. For this reason, the Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation, with a court first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful. *Anderson*, 483 U.S. at 646 n. 6. If they are not, and if the actions the defendants claim they took are different

ORDER - 3

1  from those the plaintiffs allege (and are actions that a reasonable official could have believed lawful),
2  then discovery may be necessary before a motion for summary judgment on qualified immunity
3  grounds can be resolved. *Id*.
4      Therefore, the Court agrees that the appropriate course here is to stay all further discovery
5  until the immunity issues are resolved or it is determined that limited discovery may be required.[1]

**CONCLUSION**

Accordingly, Plaintiff's motion to take out of state depositions (Dkt. # 30) is **DENIED**; Defendants' motion to stay (Dkt. # 32) is **GRANTED**, and all discovery in this matter shall be **STAYED** pending this Court's review of Defendants' motion to dismiss and until further order of this Court.

DATED this __2nd__ date of July, 2007.

*Karen L. Strombom* (signature)
Karen L. Strombom
United States Magistrate Judge

---

[1] The Court notes that the Pretrial Scheduling Order reflects a discovery deadline of July 6, 2007. (Dkt. # 16). A revised schedule may be necessary following the Court's ruling on the motion to dismiss.

ORDER - 4