UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD LEE CARMICHAEL,

　　　　　Plaintiff,

　　v.

WILLIAM RILEY, *et al.,*

　　　　　Defendants.

Case No. C06-5542 RJB/KLS

ORDER GRANTING LEAVE TO FILE A PROPOSED AMENDED COMPLAINT

Before the Court is Plaintiff's motion for leave to add named Defendants and additional claims to his complaint. (Dkt. # 31). Defendants oppose the motion on the grounds that the amendment is untimely, prejudicial, and futile. (Dkt. # 33). Plaintiff has filed a reply. (Dkt. # 38). Having carefully reviewed the parties' submissions, the Court finds that Plaintiff should be granted leave to file a proposed amended complaint to add defendants as is more specifically discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2006, Plaintiff filed this civil rights action naming William Riley, Washington State Department of Corrections[1] and several John and Jane Does as Defendants. (Dkt.

---

[1] Plaintiff acknowledges that it was not his intent to sue the Washington Department of Corrections and under separate Report and Recommendation it has been recommended that this party be dismissed with prejudice from this action.

ORDER - 1

1  # 5). Plaintiff is a Washington State DOC inmate currently residing under an interstate compact at

2  the Ely State Prison in Nevada. (*Id.*). Plaintiff alleges that his Fifth, Eighth and Fourteenth

3  Amendment rights were violated when Defendant Riley gave false information about Plaintiff to an

4  inmate informant which was meant to place Plaintiff's life in danger. (*Id.*).

**II. DISCUSSION**

7  Plaintiff seeks to add ten new parties, including six Washington state defendants and four Nevada

8  state defendants. The proposed defendants include the current director of the Washington Department of

9  Corrections; James Thatcher, Superintendent; David Wilbrecht, STG Supervisor; Gary Botton,

10 Correctional Program Manager; J.C. Miller, Correctional Counselor 3;William Lucas, Correctional

11 Counselor 3; Gerald Thompson, Inspector General Investigator, Nevada Department of Corrections, Ely;

12 Senior Correctional Officer Clark of the Ely State Prison; Paul Miller, Program Officer, NDOC, and John

13 and Jane Does 1 through 5, NDOC Officials. As additional causes of action, Plaintiff proposes to add,

14 *inter alia*, that the Washington officials were made aware by Nevada officials that Plaintiff's life was in

15 danger in the Nevada Department of Prisons that Washington officials thereafter submitted a "Facility

16 Plan" which falsely claimed that Plaintiff was successfully programming, was a low priority for removal

17 from Nevada and had not requested removal. (Dkt. # 31 at 3-5).

18 Defendants oppose Plaintiff's motion to amend as untimely and prejudicial because it will result

19 in undue delay in the disposition of this case. Defendants also oppose the amendment on the grounds

20 that it is futile. Defendants argue that the proposed amendment will not withstand a motion to dismiss

21 because Plaintiff has failed to set forth the specific factual basis upon which he claims each of the

22 defendants is liable, relying instead solely on their supervisory responsibilities or positions, contrary to

23 *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Monell v. New York City Dept. Of Social

24 Services*, 436 U.S. 658, 694 n. 58 (1978); *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

25 Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the

26 ORDER - 2

party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." *Id.* Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." *Id.*; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has been filed, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Martinez v. Newport Beach City*, 125 F.3d 777, 786 (9th Cir. 1997).

A proposed amendment that necessitates reopening discovery or that creates the need for further discovery causes undue prejudice to the opposing party. *Lockhead Martin Corp. v. Networth Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). The addition of new parties will necessarily require the reopening of discovery, thus delaying these proceedings unnecessarily. *See*, *Lockhead Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (a need to reopen discovery and delay in proceedings supports finding that amendment would prejudice opposing party).

The Pre-trial Order (Dkt. # 16) entered on January 8, 2007 required discovery to be completed by July 6, 2007 and dispositive motions to be completed by August 10, 2007. The discovery deadline was stayed to permit the Court to prepare its report and recommendation on the Defendants' motion to dismiss. The report and recommendation includes a recommendation that the Plaintiff be allowed additional time to identify and serve the John/Jane Doe Defendants named in his Complaint. Due to the continued need to complete discovery regarding the John/Jane Doe Defendants, the Court is entering an Amended Pre-Trial Scheduling Order. However, Plaintiff's motion to amend was initially noted for a little over one month before the first discovery cut-off date. For this reason the motion, as it relates to adding claims, is too late. Adding new claims at this stage of the litigation will result in prejudice and unduly delay these proceedings.

In addition, an amended complaint supersedes the original in its entirety, making the original

ORDER - 3

as if it never existed. *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, Plaintiff should provide the Court with a proposed amended complaint that specifically names the new defendants as they relate to his claims.  In this regard, Plaintiff is cautioned that he is limited to the claims originally plead in his complaint and he may only name parties for whom factual allegations exist in the original Complaint.  For example, Plaintiff Senior Correctional Officer Clark and WDOC officials, generally, are already referenced within the body of Plaintiff's original complaint.

ACCORDINGLY, Plaintiff's motion to amend (Dkt. # 31 is **GRANTED** and Plaintiff shall submit a proposed amended complaint on or before **September 28, 2007**.

DATED this  1st  day of August,  2006.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4