UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD LEE CARMICHAEL,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM RILEY, *et al.,*<br><br>    Defendants. | Case No. C06-5542 RJB/KLS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND TO AMEND PRETRIAL SCHEDULING ORDER AND DEFERRING ORDER ON PLAINTIFF'S MOTION TO CORRESPOND |

Presently before the Court are Plaintiff's motions to correspond with Washington state prisoners (Dkt. # 44) and for an extension of time to complete discovery and to extend the pre-trial deadlines (Dkt. # 46). Having reviewed the motions and Defendants' responses (Dkt. # 45 and 47), the Court finds that the pre-trial deadlines in this case should be extended and that the Court shall defer ruling on Plaintiff's motion to correspond.

**I. DISCUSSION**

Plaintiff is a Washington State DOC inmate currently residing at Ely State Prison in Nevada under an interstate compact. (Dkt. # 7). Plaintiff previously requested the Court to order the Washington DOC to allow him to correspond with other Washington state inmates because he is currently housed out of state and has no other way of contacting these other inmates or obtaining affidavits from them. (Dkt. # 12). The Court denied Plaintiff's motion as premature until Plaintiff complied with DOC policy requiring him to submit written requests for permission from superintendents at the particular facilities where the other inmates are housed. (Dkt. # 19, citing

ORDER - 1

Dkt. # 13, Exh. 1, Attach. A, DOC Policy Directive 450.100, Mail for Offenders at 2). On February 28, 2007, Plaintiff sent his proposed letters to Gary Bohon, his Washington state counselor, enclosing 11 DOC 21-746 forms. Plaintiff asked Mr. Bohon to process his requests in a timely fashion as he had only until July 2007 to complete discovery. ((Dkt. # 44 and # 51, p. 5). At the same time, Plaintiff wrote to defense counsel, asking her assistance in facilitating this request. (*Id*., p. 5, 7).

Plaintiff now reasserts his motion to correspond stating he has not received any response to his requests. (Dkt. # 44). Plaintiff also seeks a ninety day extension of the discovery deadline presently set for October 26, 2007, so that he may complete his attempts to obtain permission to correspond with the prisoners and then to correspond with them. (Dkt. # 46).

In response, Defendants claim that Plaintiff's request was "misrouted" within Mr. Bohon's office for three months, that Plaintiff did not properly comply with DOC directives, that he did not submit a declaration to support his motion to the Court and that he will receive responses to his requests by September 4, 2007. (Dkt. # 45). In addition, Defendants object to Plaintiff's request for an extension of the discovery cut-off, stating that Plaintiff "does not explain why he needs the extension," and that "it appears to be based on speculation that he will not receive the responses he desires." (Dkt. # 47).

In his declaration, dated August 31, 2007, Mr. Bohon states that he has received responses to Plaintiff's requests and will forward them to Plaintiff on September 4, 2007. (Dkt. # 45, Exh. 1). In light of this declaration, the Court finds it troublesome that Defendants oppose Plaintiff's request for a continuance on September 5, 2007, on the grounds that Plaintiff cannot know what DOC's response will be when Defendants are in possession of that information, but have chosen not to share it with Plaintiff or the Court. (Dkt. # 47).

In determining whether a continuance is warranted, the Court would have found it most helpful to know whether Plaintiff is now in a position to move forward with his correspondence or

ORDER - 2

will have to pursue his motion or will need to seek alternative methods of discovery.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion for extension of the discovery deadline and new pre-trial deadlines (Dkt. # 46) is **GRANTED**.  A third amended scheduling order will be issued reflecting the new pre-trial dates;[1]

(2) If they have not already done so, Defendants shall, within five (5) days of the date of this Order, provide Plaintiff with responses to his written requests to correspond;

(3) The Clerk of the Court shall **re-note** Plaintiff's motion to correspond (Dkt. # 44) for **October 19, 2007**; and

(4) The Clerk is directed to send copies of this order to Plaintiff and counsel for Defendants.

DATED this 1st day of October, 2007.

Karen L. Strombom
United States Magistrate Judge

---

[1] So that there is no confusion, discovery was stayed pending the Court's consideration of Defendants' motion to dismiss. That stay was lifted by operation of the Order adopting the Report and Recommendation denying Defendants' motion to dismiss. (Dkt. # 48). That Order also clarifies that the DOC is no longer a named defendant and that Plaintiff's Fifth and Fourteenth Amendment Due Process Claims have been dismissed.

ORDER - 3