UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD LEE CARMICHAEL,

  Plaintiff,

 v.

WILLIAM RILEY, *et al.*,

  Defendants.

Case No. C06-5542 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff's motion to compel. (Dkt # 49). The Court has reviewed Plaintiff's motion and and Defendants' response (Dkt. # 50), and finds that the motion should be denied as more fully discussed below.

## I. DISCUSSION

Defendants maintain that they have now fully responded to and/or appropriately objected to Plaintiff's discovery requests, and therefore request that the Court deny Plaintiff's motion to compel in its entirety. Plaintiff argues that his requests are relevant and essential to his claims in this matter. Plaintiff also states that he has attempted to confer with counsel (Dkt. # 49). However, this statement, without more is insufficient. A party applying to the Court for an order compelling discovery "must include a certification that he has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort

ORDER  1

to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).   In the future, the Court expects the parties to cooperate in their discovery efforts.  Plaintiff should detail in his certification what steps he took toward resolving any discovery disputes with defense counsel.  Defense counsel should make every effort to cooperate with Plaintiff, including coordinating telephonic conferences.

## I. DISCUSSION

### A. Plaintiff's Claims and the Scope of Discovery

Plaintiff alleges that Defendant Riley provided false information to an informant inmate, *i.e.,* that Plaintiff was in protective custody and that he was an informant, for the sole purpose of placing Plaintiff's life in danger.  (Dkt. #5, p. 5[1]).  Plaintiff alleges that Defendant Riley has also provided this information to other inmates and also told officials in Nevada where Plaintiff is now housed.  (*Id.*).  As a result, Plaintiff claims that his life is now in danger in Nevada.  (*Id.*).  After being advised that Plaintiff's life was in danger, Plaintiff claims that senior Washington DOC officials acted with deliberate indifference to that knowledge, failing to act and denying his return to Washington.  (*Id.*, pp. 14-15).

A party may obtain discovery of relevant information.  Fed. R. Civ. P. 26(b)(1).  Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).   However, the court may deny discovery of relevant information if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). In determining the likely benefit the court may consider "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Id.*

---

[1]References are to ECF numbering of Plaintiff's complaint.

ORDER  2

**B.      Plaintiff's Discovery Requests**

   **(1)     1st Set of Interrogatories and Request for Production No. 3** – State whether there has been any grievances filed against Riley, as well as any other investigators in the WDOC alleging said persons have disiminated [sic] or otherwise spread false rumors or true information about prisoners over the past five (5) years, and provide copies of said grievances.

Plaintiff contends that this information is relevant because other investigators are likely John or Jane Doe Defendants and Plaintiff wishes to show a pattern of conduct. (Dkt. # 49, p. 2). Plaintiff argues that the search is not burdensome because the records are computer-based. (*Id.*).

Defendant Riley provides the Declaration of DOC grievance coordinator, Devon Schrum, in support of his objections that this request is overly broad, unduly burdensome and irrelevant as to grievances filed against other investigators. (Dkt. # 50, Exh. 1, Attach. A, p. 2; Exh. 2). Ms. Shrum states that a search of the computer database to determine all of the grievances filed against Defendant Riley would take 40 hours, additional time is needed to redact inmate information prior to production, and over two weeks will be required to review DOC documents to compile grievances filed against other investigators. (*Id.*)

Plaintiff's request for grievances filed against Defendant Riley alleging he has disseminated or otherwise spread false rumors or true information about prisoners to other prisoners is relevant to Plaintiff's claims and therefore, Plaintiff is entitled to discover that information. It further appears that the Defendant has answered the interrogatory by stating that the grievance filed by the Plaintiff is the only one that has been filed against Defendant Riley.

Plaintiff's request for this same information as it relates to grievances filed against other investigators *by other prisoners* is not relevant to Plaintiff's claims that false rumors about him has placed his life in danger. In addition, in response to Plaintiff's First Set of Interrogatories and Request for Production No. 7, Defendant Riley supplemented his response by producing a copy of

ORDER  3

an Investigator Telephone List on April 17, 2007, containing the names of other investigators.

Thus, Plaintiff's concern about learning the identity of additional John and Jane Doe Defendants has been satisfied. (*Id.*, Exh. 1, Attachment C).

Accordingly, the Court finds that Plaintiff's motion to compel the 1st Set of Interrogatories and Request for Production No. 3 is Denied.

> **(2)     1st Set of Interrogatories and Request for Production of Documents No. 4-** State whether there has been any law suits filed against Riley or any other investigator in the WDOC over the past ten (10) years, State or Federal that alleged misconduct of any kind relating to their investigatory conduct, duties, etc., including any allegations of investigators placing prisoners lives in danger by revealing them as confidential informants, protective custody, having debriefed, or any other information they claimed was designed to place their lives in danger, and provide said case Captions, numbers, copies of original complaints, disposition of cases, and present location and DOC # of each prisoner."

Defendant Riley responded to this request, stating that he is "not aware that any other lawsuits" have been filed against him. (Dkt. # 50, Exh. 1, Attachment A, p. 3). Defendant Riley argues that the lawsuit filed by the Plaintiff only addresses claims against Defendant Riley, not other investigators and the information requested is not in Defendant Riley's custody and control.

Plaintiff argues that claiming not to be "aware" whether a lawsuit has been filed against him is vague and evasive and as the head investigator, Defendant Riley should ask his counsel to check the Attorney General's office database to obtain the remaining information requested as to other investigators.

The Court does not find Defendant Riley's response that he is "not aware that any other lawsuits" have been filed against him as either vague or evasive. The Court understands this response to mean that other than this lawsuit, Defendant Riley has not been sued within the past ten years in any state of federal lawsuit alleging investigatory misconduct. If this is incorrect, Defendant Riley will need to supplement his responses.

ORDER  4

For the reasons set forth in Paragraph (1) above, the Court does not find that Plaintiff's request for information as it relates to lawsuits filed against investigators other than Defendant Riley to be relevant to Plaintiff's claims in this case. Accordingly, Plaintiff's motion to compel the first set of interrogatories and request for production of documents No. 4 is denied.

**(3)     1st Set of Interrogatories and Request for Production of Documents No. 7 -** State the full names of every I & I and STG investigator in the WDOC, to include their position, title or rank, assigned location, length of period each has been an investigator and length of time assigned to current locations and supervision and length of time assigned to current locations and supervision chain of command. Provide any documents related to these facts, including the job description of each, responsibilities [sic] duties, and training requirements."

Defendant Riley initially objected to this request as being overly broad, unduly burdensome and not relevant. (Dkt. # 50). In response and in an attempt to resolve the issue short of a motion to compel, Plaintiff sent a letter to Defendant Riley explaining that the purpose of the request was to determine the identity of the John and Jane Doe Defendants. (*Id*., Exh. 1, Attachment B).

Defendant Riley then supplemented his response by producing a copy of an Investigator Telephone List on April 17, 2007. (*Id*., Exh. 1, Attachment C). With this production, Defendant Riley states that all documents within his custody and control have been provided and therefore, Plaintiff's motion to compel should be denied.

Plaintiff argues that the telephone list provided is grossly incomplete and that Defendant has access to the all of the documents requested by Plaintiff. (Dkt. # 49, p. 3).

As Defendant Riley has stated under penalty of perjury that he has produced all responsive documents in his possession and control, Plaintiff's motion to compel the first set of interrogatories and request for production No. 7 is denied.

**(4)     2nd Set of Interrogatories and Request for Production of Documents No. 1** - Provide a list of names, DOC number and current location of all known or suspected

ORDER  5

members of the group called the Aryan Family so that I may request approval to correspond with them regarding knowledge, information and affidavits for this case.

**(5)   2nd Set of Interrogatories and Request for Production of Documents No. 2-** Provides the names, DOC numbers and location of every known or suspected member or associates of the Aryan family who is a confidential informant cooperating with, currently or in the past five (5) years.  Other documentation regarding what investigators said to said informants during meetings.

**(6)   2nd Set of Interrogatories and Request for Production No. 3 -** Provide names, DOC numbers and location of every known member, suspected member or associate of the Aryan family who has debriefed. over the past five (5) years and provide verbatim transcripts and/or tape and video recordings of these sessions.

Plaintiff claims that this information is necessary to identify other members of this group so that he may obtain affidavits from them. (Dkt. # 49, p. 3). His claim is that Defendant Riley has spread lies to members of or associates of the Aryan Family, of which he is a member. (*Id*.). Plaintiff denies that it would put staff in danger for a member of a group to have a list of other members of the same group. (*Id*.). In addition, Plaintiff argues that the only reason he does not have the information is because he has been out of state (at his own request) for seven and one-half years. (*Id*.).   Plaintiff also argues that he has specifically claimed that Defendant Riley and possibly others, target or use the members or associates, like James Curtis. (Dkt. # 49, p. 4).   Thus, learning the identities of these individuals is vital to proving Defendant Riley has done what Plaintiff claims he has done and that if he had been appointed counsel, he would be allowed this discovery. (*Id*.).

Defendant Riley argues that Plaintiff seeks information regarding other offenders that could potentially put those other offenders in danger, which is a significant security issue as an inmate's affiliation with a security threat group can have an incredible effect on their lives or stay within the DOC as the Plaintiff has argued in his Complaint. (Dkt. # 50, pp. 5-7). Defendant Riley also objects to providing this information as it is exempt from disclosure under RCW 42.56.240 or that

ORDER  6

would threaten the safety and security of staff or inmates, as Plaintiff seeks information that could cause another to be labeled as a "snitch," the very complaint he makes in his lawsuit against Defendant Riley. (*Id*.). Information regarding security threat groups and who has been debriefed or questioned about those groups is a substantial security risk.

Plaintiff is entitled to discover material relevant to his claims in this action. Plaintiff claims that Defendant Riley disclosed confidential information regarding Plaintiff to a confidential informant, James Curtis, who then told other inmates that information. However, obtaining information about other, unrelated confidential informants is not relevant to Plaintiff's claims in this action. Accordingly, Plaintiff's motion to compel 2nd set of interrogatories and request for production No. 1, 2 and 3 are denied.

> **(7)** **3$_{rd}$ Set of Interrogatories and Request for Production of Documents No. 1** – State whether plaintiff Carmichael has ever debriefed, been a confidential informant (C.I.) for the defendant or any member of the Department of Corrections, or been known to cooperate in any way against other prisoners, and if so produce any document that says any such thing.

Defendant Riley states that he interviewed Plaintiff in Nevada, where Plaintiff answered direct questions regarding inmates Jarnigan and Stuhr, but that he took no notes of that interview. (Dkt. # 50, Exh. 1, Attachment E, p. 2) Defendant Riley also states that he has no personal knowledge of whether Plaintiff has spoken to any other DOC personnel during his incarceration in either a debriefing or as a confidential informant.

Plaintiff responds that this response is evasive, dishonest and is designed to infer that Plaintiff cooperated. (Dkt. # 49, p. 5). In addition, as coordinator and head of the investigative body for the DOC in the state of Washington, he argues that Defendant Riley has acknowledged in discovery that he coordinates with all other investigators in Washington and other states and thus, has an obligation to check records and provide a truthful and definite response. (*Id*., pp. 4-5).

ORDER  7

As Defendant Riley has stated under penalty of perjury that he has produced all responsive documents in his possession and control, Plaintiff's motion to compel the third set of interrogatories and request for production No. 1 is denied.

**(8)** **3rd Set of Interrogatories and Request for Production of Documents No. 2** – State whether plaintiff was transferred to the state of Nevada or any other state at any time in the past or present for protective custody reasons, and if so produce any documents that say any such thing. Further, state exactly why plaintiff was ever transferred out of state, meaning the reasons from the Washington DOC point of view.

**(9)** **3rd Set of Interrogatories and Request for Production of Documents No. 3** – State whether there is a specific contract between WDOC and NDOC regarding plaintiff's transfer to NDOC, aside from the Interstate Corrections Compact itself. This could be considered the Contract. If so, provide a copy of that contract.

Plaintiff argues that this information is relevant as Defendant Riley falsely told prisoners that Plaintiff was transferred out of state for protective custody reasons. (Dkt. # 49, p. 6). The contract will lead to discovery of the information that Washington DOC officials intended to share with Nevada officials about Plaintiff's past and will show that Defendant Riley had no penological purpose of sharing Plaintiff's confidential past. (*Id*.). Plaintiff also contends that as Defendant is a DOC employee, he has access to the information requested and should respond definitely to this request. (*Id).*

Defendant Riley's responded to this request that he has no personal knowledge and no access to any documents related to this request. (Dkt. # 50, Exh. 1, Attach. E, pp. 2-3). Defendant Riley also objected to this request because it is asked of Washington State DOC, which is not a named Defendant in this matter.[2]

As Plaintiff claims that Defendant Riley spread false rumors that he was transferred out of state for protective custody reasons, the reasons underlying Plaintiff's transfer out of state is

---

[2]The Washington DOC is no longer a party to this action. (Dkt. # 48)

ORDER  8

relevant to his claims in this case and therefore, discoverable. However, as Defendant Riley has stated under penalty of perjury that he does not have access to the information requested, the Court denies Plaintiff's motion to compel the 3rd set of interrogatories request for production of documents No. 2 and 3.

**(10)** **4$_{th}$ Set of Interrogatories and Request for Production of Documents No. 1** – Please advise the name and position of the person who denied grievance Log I.D. Number 0528866 filed or submitted on 12/8/05 and responded on 12/13/05, and please produce a copy of the OGP-080(5) policy they based their response on.

**(11)** **4$_{th}$ Set of Interrogatories and Request for Production of Documents No. 3** – Please provide a copy of the Parole Progress review papers provided to Gary Bohn [sic] in late 2006 by the Caseworker and Associate Warden of the ESP prison where plaintiff is housed. Also provide any reports written by Gary Bohn [sic], CPM of WDOC, to any other WDOC officials, by writing or electronic means, including the parole board, regarding plaintiffs progress review, and especially regarding the information in the report from Nevada that states Nevada has concerns for plaintiffs safety.

**(12)** **4$_{th}$ Set of Interrogatories and Request for Production of Documents No. 4** – Provide copies of any and all correspondence to WDOC officials in the past 18 months from plaintiff advising or referring to the fact plaintiffs life is being claimed to be in danger by Nevada officials.

**(13)** **4$_{th}$ Set of Interrogatories and Request for Production of Documents No. 5** – Provide any and all reports, correspondence, in writing or electronically, between Washington DOC and Nevada DOC regarding plaintiffs life being in danger, why, and what is to be done about it, or any other communication regarding that subject by any officials on both sides.

Plaintiff contends that the information he seeks by these requests is necessary to identify John and Jane Does and to show that Nevada DOC official advised Washington DOC officials that his life was in danger. (Dkt. # 49, p. 7). Plaintiff also argues that Defendant Riley can access all the information requested because he is a Washington DOC employee in an administrative position. (*Id.*).

Defendant Riley responded to each of these requests by stating that he does not have access

ORDER  9

to the information requested. (Dkt. # 50, Exh. 1, Attachment F, pp. 2-4).

As Plaintiff claims that his life has been placed in danger and that Nevada DOC officials advised Washington DOC officials of this fact, the information sought by Plaintiff through these discovery requests is relevant to his claims. However, as Defendant Riley has stated under penalty of perjury that he does not have access to the information requested, the Court denies Plaintiff's motion to compel the 4th set of interrogatories request for production of documents No. 10, 11, 12 and 13.

Accordingly, it is **ORDERED as follows:**

(1) Plaintiff's motion to compel (Dkt. # 49) is **DENIED**; and

(2) The Clerk is directed to send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this 6th day of November, 2007.

Karen L. Strombom
United States Magistrate Judge

ORDER  10