1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD CARMICHAEL,

        Plaintiff,

        v.

WILLIAM RILEY, *et al*.,

        Defendants.

CASE NO.  C06-5542 RJB/KLS

ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND DIRECTING CLERK TO APPOINT COUNSEL FROM PRO BONO PANEL

    This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff is a Washington state prisoner who, until recently, was housed at the Ely State Prison in Ely, Nevada.  Plaintiff alleges that Defendants violated his Eighth Amendment rights by intentionally revealing confidential and fabricated information to prisoners and prison officials to slander and endanger Plaintiff's life.  Plaintiff further alleges that after Plaintiff's life had been placed in danger, DOC Defendants acted with deliberate indifference to his welfare by failing to remove Plaintiff from danger.

    Currently pending before the Court are Plaintiff's Motions for Appointment of Counsel (Dkt. # 71) and for reconsideration of the Court's Order denying Plaintiff's Motion to Correspond with Washington State Prisoners (Dkt. # 69).  Defendants oppose the motion for

ORDER GRANTING PLAINTIFF'S
MOTION FOR APPOINTMENT OF
COUNSEL - 1

appointment of counsel.  (Dkt. # 73).  Plaintiff has filed a reply.  (Dkt. # 77).  Having reviewed Plaintiff's motions, Defendants' responses thereto, and the balance of the record, the Court hereby finds that Plaintiff's motion for the appointment of counsel shall be granted.

## DISCUSSION

While there is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983, the Court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis* in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).

Plaintiff's original complaint survived Defendant's motion to dismiss, demonstrating that his claims are neither malicious nor frivolous.  The nature of Plaintiff's claims are such that this Court finds that it and Plaintiff would benefit from the assistance of counsel.  Although Plaintiff has demonstrated an ability to articulate his claims, the Court is particularly concerned about Plaintiff's ability to properly engage in legal research and discovery when witnesses and evidence are located in Nevada and Washington and Plaintiff is housed in solitary confinement.  For these reasons, the Court finds that the difficulties claimed by Plaintiff are not of the type which any litigant would have in proceeding pro se.

Given the seriousness of the issues presented and the need for efficient resolution of those issues, this Court is satisfied that exceptional circumstances exist which warrant the appointment of counsel in this matter.

It is, therefore, **ORDERED**:

(1)	Plaintiff's Motion for Appointment of Counsel (Dkt. # 71) is **GRANTED**;

(2)	Pursuant to the Plan of the United States District Court for the Western District of Washington at Tacoma for the Representation of Pro Se Litigants in Civil Rights Actions, and

ORDER GRANTING PLAINTIFF'S
MOTION FOR APPOINTMENT OF
COUNSEL - 2

the Rules Governing Pro Bono Panel, the Clerk is directed to appoint an attorney to represent Plaintiff.

(3) Plaintiff's Motion for Reconsideration (Dkt # 75) regarding the Court's Order Denying Plaintiff's Motion to Correspond with Washington State Prisoners (Dkt. # 69) will be held in abeyance pending appointment of counsel. The Clerk is instructed to **REMOVE** Plaintiff's Motion (Dkt. # 75) from the Court's calendar at this time. Once counsel is appointed to represent Plaintiff, the Court will invite further briefing on the issues raised by Plaintiff in his motion, and will place the motion back on the calendar for consideration.

(4) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Hon. Robert J. Bryan.

DATED this 25th day of February, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR APPOINTMENT OF
COUNSEL - 3